D. Ormonde Ritchie, J.
The defendant makes this motion for an order dismissing the complaint upon the ground specified in subdivision 7 of rule 107 of the Rules of Civil Practice, i.e., that the contract upon which the plaintiff’s claim is predicated is unenforcible under the provisions of the Statute of Frauds. The action is one for a judgment directing specific performance of an alleged contract for the sale of real property. The documents relied upon by plaintiff as constituting the writings comprising the contract, or some note or memorandum thereof, as required by section 259 of the Real Property Law to constitute an enforcible contract for the sale of real property are three in number and consist of a letter from the broker employed by defendant to produce a purchaser of the property; plaintiff’s check in the sum of $500, a down payment on the purchase price; and a formal contract prepared by defendant’s attorney setting forth the terms of sale of the real property involved. The contract is not signed by the defendant vendor. The check made by plaintiff for a down payment was indorsed and deposited by defendant. The letter of defendant’s broker accompanying the check sets forth the terms of the transaction with clarity. The contract prepared by defendant’s attorney specifically sets forth the terms of the transaction. The issue presented on this motion is whether the letter, check and contract are to be read together, and if read together, whether they constitute a contract for the sale of real property within the requirements of section 259 of the Real Property Law. Prior to the decision rendered in Crabtree v. Elizabeth Arden Sales Corp. (305 N. Y. 48) the courts were not in agreement on the issue as to what documents could be considered in determining the existence of a contract or memorandum for the sale of real property meeting the requirements of the Statute of Frauds. That case flatly stated the law to be that writings signed or unsigned, provided that they clearly refer to the subject matter of the transaction, and may be so established by competent evidence, may be read together. Under that decision and upon the documents presented in support of the existence of a contract in the present action permits the court of no other determination but that this motion must be and it is denied.